### Louis Evers v. The State.

*No. 257. Decided June 22.*

**1. Practice—Plea of Guilty—Evidence Must be Submitted, when.** Article 519, Code of Criminal Procedure, provides, that where a defendant in a felony case pleads guilty, if the punishment of the offense is not absolutely fixed by law and beyond the discretion of the jury to graduate, a jury shall be empanelled to assess the punishment, and evidence submitted to enable them to decide thereupon. *Held,* that the statute is mandatory, and when on appeal from a conviction upon a plea of guilty for murder the record shows affirmatively that no evidence was adduced at the trial, the judgment will be reversed.

**2. Same—Plea of Guilty not Received Unless, etc.**—Article 518 of the Code of Criminal Procedure provides, that if a defendant pleads guilty, he shall be admonished by the court of the consequences, and no such plea shall be received unless it plainly appears that he was sane, and is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon, prompting him to confess his guilt. *Held,* the statute is mandatory, and unless the record upon appeal shows affirmatively that these requirements of the statute have been fulfilled as to the plea of guilty, a judgment of conviction upon such plea will be reversed.

Appeal from the District Court of Bexar. Tried below before Hon. George H. Noonan.

This appeal is from a judgment of conviction for murder of the second degree, defendant having pleaded guilty to that degree of murder, and in which the punishment was assessed at twenty-five years in the penitentiary. This is the third time this case had been appealed, and the facts will be found fully stated in the reports of the two former appeals. Ex Parte Evers, 29 Texas Cr. App., 539; Evers v. The State, 31 Texas Cr. Rep., 318.

No briefs for either party have come to the hands of the Reporter.

DAVIDSON, Judge.—This conviction, which is for murder in the second degree, was had upon a plea of guilty made by the defendant.

The judgment fails to show that evidence was submitted, and it is affirmatively shown that none was introduced. Where a defendant pleads guilty in a felony case, and the punishment of the offense is not abso-

lutely fixed by law, and beyond the discretion of the jury to graduate in any manner, a jury shall be empanelled to assess the punishment, and evidence is required to be "submitted to enable them to decide thereupon." Code Crim. Proc., art. 519; Harwell v. The State, 19 Texas Cr. App., 423; Willson's Crim. Stats., secs. 2113, 2114.

The record does not show that at or prior to entering his plea of guilty the defendant was "admonished by the court of the consequences," as required by the statute; nor does it appear that he was sane, and "uninfluenced by any considerations of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt." Code Crim. Proc., art. 518; Willson's Crim. Stats., secs. 2111, 2112; Saunders v. The State, 10 Texas Cr. App., 336; Wallace v. The State, 10 Texas Cr. App., 407; Sanders v. The State, 18 Texas Cr. App., 372. The requirements of articles 518 and 519 are mandatory. The remaining errors are not discussed. The judgment is reversed and the cause remanded.

*Reversed and remanded.*

Judges all present and concurring.