## W. E. Childress v. The State.

### No. 3437.    Decided May 15, 1907.

**1.—Rape—Charge of Court—Intent to Rape—Plea of Guilty.**

Where upon trial for rape, the defendant pleaded not guilty to the main offense but guilty to an assault with an intent to rape, and the jury found him guilty of rape, he cannot be heard to complain that his plea of guilty to assault with intent to rape was defective in omitting to include the word "by any persuasion": the State not accepting his plea of guilty, and the defendant making no objection thereto at the time.

**2.—Same—Charge of Court—Plea of Guilty—Intent.**

Upon trial for rape where there was no serious controversy about defendant's intent in the assault, a charge of the court which instructed the jury that if they failed to find defendant guilty of rape then to find him guilty of an assault with intent to rape on his plea of guilty to that offense, was not calculated to injure defendant in the trial for rape on the question of intent. Davidson, Presiding Judge, dissenting.

**3.—Same—Other Transactions—Limiting Testimony.**

Upon trial for rape, where there was some testimony suggesting that defendant had tampered with the prosecutrix previously, but there was no testimony showing a distinct transaction amounting to an offense, and there was no objection to

such testimony, and no request that the court confine the jury to any one transaction, there was no error in failing to limit said testimony.

#### 4.—Competency of Witness to Testify—Non-Age.

Where upon trial for rape, there was no objection made to the qualification of prosecutrix as a witness, and no exception taken to the action of the court in permitting her to testify there was no error. Davidson, Presiding Judge, dissenting.

Appeal from the District Court of Tarrant. Tried below before the Hon. Mike E. Smith.

Appeal from a conviction of rape; penalty, death.

The opinion states the case.

*V. K. Wedgworth, Parker & Parker,* for appellant.—In the Freasier case, 11 Texas Ct. Rep., 812, this court held that a child under 9 years of age was incompetent as a witness because not subject to the pains and penalties of perjury. It follows therefore that between 9 and 13 years of age they are incompetent as witnesses unless it affirmatively appears that they are subject to prosecutions and conviction for perjury. To be subject to such prosecution and conviction it devolves upon the State to establish two facts, viz. (1) That the child has sufficient discretion to understand the nature of the act constituting the offense. (2) That they understand that the act is illegal. General Laws 29th Leg., 83; Parker v. State, 20 Texas Crim. App., 453. On question of other transactions and extraneous crime: Barnett v. State, 44 Texas Crim. Rep., 592; Price v. State, id., 304.

*F. J. McCord,* Assistant Attorney-General, for the State.

HENDERSON, Judge.—Appellant was convicted of rape, and his punishment assessed at death; and prosecutes this appeal.

A summary of the facts shows that appellant was married to the mother of the prosecutrix, the latter being his stepdaughter, and at the time of the alleged rape a little over 10 years of age. On the night in question the family, consisting of appellant's wife, and a Mrs. Hudson, who was boarding with appellant and his wife, had gone to the theatre, leaving appellant and prosecutrix and a little boy some 7 years old, the brother of prosecutrix, together with a young babe, the offspring of appellant and his wife, at the home of the latter. There is some testimony tending to show that appellant on said night induced his wife and Mrs. Hudson to go to the theatre, thus making an opportunity for his purpose. After they had gone appellant had prosecutrix to get in bed with him, and she says that he had intercourse with her and penetrated her person. Prosecutrix relates the transaction in substance as follows: She says appellant locked the doors, and went to bed, and she kissed him good-night, and he told her to get in bed with him, and she was afraid to say no because there was no one in the house but the babe and the little brother, and the doors

were locked; that appellant kinder got on his knees and pulled her up to him; put her arms around his neck and her legs around his body, and put his penis in her privates, and pulled her down to him, and it hurt her awful bad and when she commenced to cry he just stuck it in real hard. She did not tell her mother when she came back that night, but the next morning she was unable to go to school and her mother asked her what was the matter with her, and she told her. Physicians were sent for who examined her parts, and one of them relates that he found the vulva very tender, and the nymphæ, the two lips, were swollen and tender; upon separating the lips, the mucus membranes inside of the lips were red and swollen and very tender, and the mucus covering of the entrance to the canal, the vagina, which is called the hymen, was intact, but it was red and inflamed and had a number of lacerations on it, little bruises and cuts. The physician stated that the only lacerations he noticed were on the hymen; he placed this about half an inch inside of the lips; that the parts would have to be penetrated inside of the lips to reach the hymen. On appellant's arrest, which occurred the next day, the officer who arrested him, states that he warned him, and that he then asked appellant what happened at his house the night previous after his wife left to go to the opera house, and he replied: "I guess you ought to know; my wife has telephoned you, hasn't she?" and he then asked appellant if he had had intercourse with the little child, and he said no, he had not, that he had simply put his penis against her privates to get his gun off; that he did not state whether he had entered her vagina or not; that he stated he did not think he did, and the officer told him "You hurt her any way," to which he replied, "I might have pulled up against her harder than I intended to." This is a sufficient statement of the case to present the assignments.

There are no bills of exception to the admission or rejection of testimony. Appellant assigns as error the action of the court in charging the jury if they failed to find appellant guilty of rape, then to find him guilty of an assault with intent to rape on his plea of guilty to that offense, the contention being that said plea of guilty to assault with intent to rape is defective, because in the warning or admonition given by the court under article 554, Code Criminal Procedure, same is defective in omitting to include with the other provisions of said section the language "by any persuasion." The language of said statute is as follows: "If the defendant plead guilty he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear, by any persuasion, or delusive hope of pardon prompting him to confess his guilt." Now, the record shows that from the above was omitted by the court in its admonition the expression above stated, to wit: "By any persuasion." On account of this omission it is contended that said warning was insufficient, and that the plea based thereon was improper, and would not afford the basis for a conviction,

or a charge of the court thereon authorizing a conviction. The record shows in this regard that while appellant entered a plea of guilty, that the State refused to receive said plea, or to agree thereto, but proceeded with the trial and insisted on a conviction for rape and introduced evidence accordingly, and that the jury did convict appellant for rape, not acceding to his desire to be convicted for a less offense. Now, the question here presented is, was the action of the court with reference to appellant's plea calculated to injuriously affect appellant, even if it be conceded that same was defective in not embracing all of the terms of the statute on the subject. We are cited to a number of cases which establish the doctrine that the admonition provided by statute must be strictly conformed to. See Wallace v. State, 10 Texas Crim. App., 407; Frosh v. State, 11 Texas Crim. App., 280; Harris v. State, 17 Texas Crim. App., 559; Paul v. State, 17 Texas Crim. App., 583; Turner v. State, 17 Texas Crim. App., 587; Sanders v. State, 18 Texas Crim. App., 372; Evers v. State, 32 Texas Crim. Rep., 283, and Coleman v. State, 35 Texas Crim. Rep., 404. An examination of these cases will show that the legality of the admonition was directly involved; that is, the conviction in such cases was upon a plea of guilty, and there was no admonition at all, or it was not complete in accordance with the statute. We think it is sound doctrine as recognized by said cases that where a conviction is predicated on a plea of guilty, that the admonition must be in accordance with the statute, and the record must show this, and especially where there is some controversy as to the terms of said plea, or as to whether or not appellant was influenced by any of the considerations enumerated in the statute. In this case, however, as stated above, appellant made no controversy as to his plea, but was more than willing for it to be accepted by the State. The State did not accept it, but as stated above proceeded to try him for the rape. It is contended, however, that in the trial for rape this defective plea under the charge of the court injuriously affected appellant in regard to his intent, because the jury were told in case they did not find appellant guilty of rape, to find him guilty of an assault with intent to rape, and that this instruction was tantamount to telling the jury that appellant had admitted his intent to commit rape, and appellant says this injury is made apparent because the State produced the testimony of the officer who arrested appellant, and his relation of the statement of appellant to him would suggest that appellant did not intend to penetrate the prosecutrix, because he says that if he hurt her he must have pulled her down to him harder than he intended. Of course, if there was a serious controversy in this case about appellant's intent in the assault, then it is possible such a charge might be calculated to injure appellant in the trial for rape on the question of intent, but looking at this record it does not occur to us that this question is in the case. The jury found that appellant penetrated with his male organ the parts of the prosecutrix, and in the face of this record no one can doubt that their finding is sustained. The law makes

penetration of a female under 15 years old rape, and it is no defense, when this is shown, for defendant to say that he did not intend to make an entry. Where the question is merely one of assault with intent to rape, the rule would be different, but here we have a completed rape, established by incontrovertible proof, and appellant's intent, under the circumstances, is entitled to no consideration; but that he did intend it must be manifest from this excerpt taken from his statement to the officer. The mere fact that he penetrated her further than he intended is of no consequence. It was not necessary in order for him to be guilty of the offense of assault with intent to rape that he make any entry at all, nor is it necessary in rape that he lacerate and destroy the hymen that is situated within the lips of the nymphæ: and it does not require that the hymen of the victim be destroyed, or what is called complete entry be made. We fail to see what possible injury the charge of the court on assault with intent to rape could have done appellant.

As to other transactions, there is some testimony suggesting that appellant had tampered with the prosecutrix previously, but there is no testimony aside from the evidence in this case showing a distinct transaction amounting to an offense. No objection was made to the testimony and no request made of the court to confine the jury to any one transaction, and there was no error because the court failed to limit said testimony.

As to the prosecutrix testifying in this case, there was no objection made to her testimony, or to her qualification as a witness. If there was an error of the court in permitting her to testify, this should have been saved by timely objection, and an exception taken to the action of the court. We do not understand the issue as to her qualification being in the case.

There being no errors in the record, the judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—Appellant was convicted of rape, his punishment being assessed at death. I cannot agree with my brethren in their conclusion that the judgment should be affirmed.

When the case was called for trial appellant's plea of not guilty to the charge of rape was entered, and the plea of guilty to the offense of assault with intent to rape also entered. The court, after charging with reference to the crime of rape, proceeded to instruct the jury that if they had a reasonable doubt as to whether the defendant was guilty of rape they should acquit him, and find him guilty of assault with intent to commit rape upon his plea of guilty thereto, and assess his punishment at confinement in the penitentiary for some period of years not less than two. Several exceptions were urged to this charge, being upon the weight of the evidence, the assumed guilt of the defendant, and in addition that the plea of guilty entered to the offense of assault

to commit rape was not in accordance with the statute, and, therefore, should have been disregarded. That portion of the judgment with reference to the plea of guilty is, as follows: "* * * and the defendant entered his plea of guilty to the offense of assault with intent to rape, and it appearing to the court that defendant is sane and not influenced by any consideration of fear, or delusive hope of pardon prompting him to confess his guilt herein, and the court having duly admonished said defendant as to the consequences in law of such plea; yet the defendant persisted in entering his said plea of guilty thereto." This plea under the provisions of our statute, is incomplete and insufficient, that is, the adjudication of the court fails to comply with the statute in regard to pleas of guilty. Article 554, Code Criminal Procedure, is as follows: "If the defendant plead guilty he shall be admonished by the court of the consequences; and no such plea shall be received unless it plainly appear that he is sane, and is uninfluenced by any consideration of fear by any persuasion or delusive hope of pardon prompting him to confess his guilt." Recurring to recitals of the judgment I find that it fails to insert therein that portion of the above statute with reference to his being uninfluenced "by any persuasion." This is as an essential requisite as any other provision of the statute. The validity of a plea of guilty is dependent upon at least three indispensable conditions: (1) That the defendant be admonished by the trial court of the consequences of his plea: (2) That it must plainly appear that he is sane, and (3) it must plainly appear that he is uninfluenced by any consideration of fear, by any persuasion or delusive hope of pardon prompting him to confess his guilt. It has been universally held that these prerequisite conditions of the statute in regard to the sufficiency of the plea must be made manifest of record and cannot be supplied by inference, intendment or presumption. See Saunders v. State, 10 Texas Crim. App., 336; Giles v. State, 23 Texas Crim. App., 281. It has been further held that the judgment upon a plea of guilty will be reversed on appeal unless the record shows that the prerequisite conditions above named were followed by the trial court. See Wallace v. State, 10 Texas Crim. App., 407; Frosh v. State, 11 Texas Crim. App., 280; Harris v. State, 17 Texas Crim. App., 559; Paul v. State, 17 Texas Crim. App., 583; Turner v. State, 17 Texas Crim. App., 587; Sanders v. State, 18 Texas Crim. App., 372; Evers v. State, 32 Texas Crim. Rep., 283, and Coleman v. State, 35 Texas Crim. Rep., 404. Had the judgment failed to state that the defendant was sane, the plea would have been insufficient. If it had failed to state that he was uninfluenced by delusive hope of pardon, it would have been insufficient. It would seem, therefore, to follow that a failure to show that he was uninfluenced by persuasion would necessarily show the law had not been followed, and the plea of guilty was improperly entered, and that part of the judgment void. In order for a court to assume, as it did in this case, that appellant had pleaded guilty, when instructing the jury the judgment must be complete, show-

ing all the prerequisite steps had been taken to justify the assumption
of the fact of the plea of guilty, even if the court, under any circum-
stances, could assume such a fact in charging the jury. It is not neces-
sary here to discuss whether the court can assume and instruct the jury
to convict upon a plea of guilty, even if the plea is in compliance with
law, in view of article 555, Code Criminal Procedure, which requires that
evidence be introduced before the jury upon the plea. It has been
determined that a plea of guilty does not authorize the court to instruct
the jury to convict for murder in the first degree, there being two
degrees of murder, that it is within the province of the jury to determine
under the facts the offense of which the accused is really guilty, if the
facts, even under a plea of guilty to a murder charge, should develop
manslaughter, the court should submit to the jury that phase of homi-
cide. The facts in the case now under consideration were of sufficient
importance and fully justified and required the court to submit the
issue of assault with intent to rape, and even aggravated assault.
Through the mouth of the witness Maddox, the officer having appellant
in charge, the statements of appellant were introduced in evidence show-
ing that he did not intend to ravish or penetrate the prosecutrix, and
the doctor's testimony leaves it in serious doubt as to an actual pene-
tration. The physician who examined the girl shortly after the al-
leged outrage testified: "Q. Well, do you think it would be possible
for a grown man like this one here to insert his penis in the organ
of that little girl without it bleeding some? A. I don't think it would
have been possible, no, not in this case." The evidence shows con-
clusively that there was no laceration, no bleeding, and no abrasions,
but it does show that the private parts were a little swollen and inflamed.
I am not discussing the question of the sufficiency of the evidence,
but make these recitations of the facts to show that the issue of assault
with intent to rape was involved as well as evidence showing an ab-
sence on the part of appellant of an intent to commit the crime of
rape. However, strong or weak this character of evidence may be, even
under a plea of guilty under article 555, Code Criminal Procedure, if
it is of sufficient importance to raise the issue of intent, it redounds
to the benefit of the accused, and the charge should submit the issue
instead of taking it away from the jury. Therefore, I am of opinion
if there be no sufficient plea of guilty adjudicated in the case and the
evidence suggests the issue of assault with intent to rape, the court was
in error in assuming there was such intent to commit rape. If the
court can assume and charge the jury to convict under a plea of
guilty, then all the requisites of article 554, Code Criminal Procedure,
must be complied with, and the evidence must be in accordance even
under such plea of guilty as required by article 555, Code Criminal
Procedure. The charge instructing the jury to convict of assault to
rape if they should acquit of rape, may have had a very serious bear-
ing upon the minds of the jury in leading them to believe that the court
thought the intent existed, and he charged them it did exist, to com-

mit rape in the mind of the accused when he charged them to find appellant guilty under said plea in regard to assault to rape. Under the facts, appellant's contention was that there was no intent to commit rape, and the State introduced his declarations to that effect. This charge may have influenced and doubtless did influence the jury to believe that the intent to commit rape existed in the face of the issue raised by the testimony, and they may have transferred this intent to the crime of rape when it was a contested issue on the State's testimony as shown by the evidence of the offier who testified to appellant's statements. This charge, in effect, told the jury that appellant's statement was false and to discard it. This plea of guilty being insufficient would, therefore, not authorize the court to instruct the jury as he did in regard to the intent of appellant to rape. Wherever intent is an element of the offense the charge must not assume against the accused and so charge the jury when it is a controverted issue even under a plea of guilty, especially when "not guilty" is entered as to the higher grade of offense. Therefore, I am of opinion that this charge was fully calculated to injure appellant; that it should not have been given, and exceptions thereto are well taken. The prosecutrix testified to previous connections on the part of appellant with her; she said "He would come in and he would feel of my privates with his hand, and then he would come and put his thing in mine and hug me up to him." She further testified that this was kept up for some time, and the last time it occurred was on Wednesday, the 21st of March, which is the transaction relied upon by the State in this case for a conviction. She also testified that appellant at other times would come to her and pull up her dress and insert his finger in her private parts. All these matters went before the jury. Exception was reserved to the failure of the court to limit this testimony. I think this exception was well taken under all the authorities. No election was demanded as to which transaction should form the predicate for a conviction, but the act of March 21st was relied on for conviction. There was no necessity for the admission of this testimony, and it was improper to admit it, but having limited it, the charge should have limited its effect. If appellant had previous connections with her, each act would constitute a distinct offense. These prior transactions were not necessary to prove intent, for if appellant was guilty at all, under the testimony the State had made out a case of rape or assault to rape, if the jury believed he intended to have carnal intercourse with her, and if they did not so believe, then there could be no higher offense than that of aggravated assault. If the previous acts or the insertion by appellant's finger in the private parts of the girl constituted the reason for the swollen condition of said private parts, then the act relied on to convict was not rape.

The qualification of the prosecutrix as a witness ought to have been made clearer and more certain. This remark is made in view of a recent Act of the Twenty-Ninth Legislature, page 83, which provides that "No person shall in any case be convicted of any offense committed be-

fore he was of the age of 9 years, except perjury, and for that only, when it shall appear by proof that he had sufficient discretion to understand the nature and obligation of an oath." It would seem under said statute responsibility for punishment is made the criterion of the competency of the witness. If the youthful witness can be used as such, it must be under penalties prescribed, if under 9 years of age, for the crime of perjury, and if the witness is over 9 and under 13, it would further seem that he cannot be punished for perjury or any other offense unless the witness should be amenable to punishment for perjury or such other offense, and unless the amenability for punishment is shown the testimony should be discarded, for, as I understand the act of the Legislature above cited, it makes the test for admitting the testimony the amenability to punishment for perjury if committed by the witness. The examination of the witness in this case does not meet this requirement nor attain to this standard. Again if it was doubtful as to her competency then the court should have submitted this issue in an appropriate charge, which was not done, and for which failure appellant duly reserved his exception in the motion for a new trial. This was error. I am further of the opinion that the law of aggravated assault should have been given in the charge to the jury.

I think the judgment ought to be reversed and the cause remanded, and because it was not, I respectfully dissent.