O. V. ALEXANDER V. STATE

No. 28,092. March 7, 1956.
State's Motion for Rehearing Denied
(Without Written Opinion) April 18, 1956.

*Sam Brown,* Lubbock, for appellant.

*Travis D. Shelton,* District Attorney, Lubbock, and *Leon Douglas,* State's Attorney, Austin, for the state.

BELCHER, Judge.

The conviction is for the felony offense of driving while intoxicated; the punishment, one year in jail.

No statement of facts on the main trial accompanies the record.

By Bill of Exception No. 1, appellant urges error because of the failure of the trial court to admonish the appellant at the time he entered his plea of guilty as to the consequences of such plea.

The bill certifies that following the presentment of the indictment, the court inquired of appellant how he desired to

plead, and to which appellant answered, "Guilty," and the court further asked, "You are pleading guilty, Mr. Alexander, because you are guilty?", and appellant replied, "Yes sir," and the court then asked, "And doing so without fear, promise, persuasion or hope of reward?", and appellant answered, "Yes," whereupon the court accepted appellant's plea of guilty.

It is apparent that the court failed to admonish the appellant as to the consequences of his plea of guilty, that is, the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea.

It has been the consistent holding of this court that the provisions of Art. 501, Vernon's Ann. C.C.P. are mandatory, and that the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty, and that such question may be raised after conviction. Such provisions are made applicable to felony cases less than capital by Art. 517, Vernon's Ann. C.C.P., 12 Tex. Jur. 634, Sec. 297; Evers v. State, 32 Tex. Cr. R. 283, 22 S.W. 1019; Coleman v. State, 35 Tex. Cr. R. 404, 33 S.W. 1083; Webb v. State, 55 S.W. 493; May v. State, 151 Tex. Cr. R. 534, 209 S.W. 2d 606.

For the error pointed out, the judgment is reversed and the cause is remanded.

Opinion approved by the Court.