Herbert James **WILLIAMS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 40356.

Court of Criminal Appeals of Texas.

June 7, 1967.

Monroe Clayton, Court Appointed, Wichita Falls, G. A. Benesh, Court Appointed on Appeal Only, Wichita Falls, for appellant.

Stanley C. Kirk, Dist. Atty., Stanley M. Vickers, Asst. Dist. Atty., Wichita Falls, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

WOODLEY, Presiding Judge.

The offense is murder; the punishment, death.

The case was tried after the effective date of the 1965 Vernon's Ann. Code of Criminal Procedure and prior to the opinion of this court in Rojas v. State, Tex.Cr.App., 404

S.W.2d 30, in which it was held that the alternate procedure provided for in Art. 37.-07, Sec. 2, of said Code, whereby "the issue as to guilt or innocence of the defendant is first submitted to the jury without authorizing the jury to pass upon the punishment to be imposed," is not applicable where the case is submitted to the jury on a plea of guilty or in a capital case where the state is seeking the death penalty.

The record reflects that upon being arraigned, appellant pleaded not guilty. The district attorney gave notice that the state would seek the death penalty.

Prior to trial the question arose as to whether the issue of guilt or innocence would be first submitted or whether the case would be tried under the procedure in use prior to the effective date of the 1965 Code.

The trial judge expressed the opinion that as to capital cases, where the state was seeking the death penalty, there was no change in the former procedure, but appellant's counsel expressing preference for a separate hearing on punishment before the same jury, and the district attorney having no objection, it was agreed that the procedure preferred by appellant's counsel would be used.

■ We express the view that, though such procedure is not authorized by Art. 37.07 C.C.P., a defendant pleading not guilty in a capital case where the state is seeking the death penalty is denied no constitutional or statutory right when, without objection or at his request, separate trials are had before the same jury on the issues of guilt or innocence and the punishment to be assessed.

■ In this connection, we direct attention to the omission in Section 1 of said Art. 37.07 of the provision of the prior statute (Art. 693 C.C.P. 1925) "and they (the jury) shall assess the punishment in all cases where the same is not absolutely fixed by law." This left the 1965 Code with no requirement that the jury which convicts a defendant pleading not guilty, also assess his punishment.

After the jury had been selected and sworn and the indictment read, the following occurred:

"THE COURT: Will the defendant stand up, please? How do you plead to the indictment, guilty or not guilty?

MR. CLAYTON: Your Honor, the defendant wishes to change his plea of not guilty to guilty to the indictment.

THE COURT: If the defendant pleads guilty, then the jury will be compelled to find him guilty and assess his punishment as provided by law. Now I am required to ask him if he is pleading guilty because of any fear, persuasion or promises, threats, or delusive hope of pardon, or if you are pleading guilty only because you are guilty.

DEFENDANT: Yes, sir.

THE COURT: You are pleading guilty only because you are guilty and for no other reason?

DEFENDANT: Yes, sir.

THE COURT: Very well, the Court will accept your plea."

The trial then proceeded and at the conclusion of the evidence the court instructed the jury to find appellant guilty of murder with malice aforethought as alleged in the indictment.

The jury, having returned its verdict in accordance with the instructions in the court's charge, heard further evidence and arguments and the court's further charge and assessed appellant's punishment at death.

We do not reach the question of whether or not appellant is in position to complain that his trial upon his plea of guilty was not conducted in accordance with Art. 26.14 C.C.P., which we also construed in Rojas v. State, supra. We direct attention, how-

ever, to the fact that in Rojas the defendant's request that the court submit the question of punishment to the jury in accordance with Art. 26.14 C.C.P., was denied.

 Though the judgment recites that the defendant was admonished of the consequences of his plea, it is clear from the portion of the record above quoted that in the cause before us the trial court accepted appellant's plea of guilty without first having admonished him as to the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea.

■ Art. 26.13 C.C.P. provides that if the defendant pleads guilty or enters a plea of nolo contendere he shall be admonished by the court of the consequences.

In Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779, we said:

"It is apparent that the court failed to admonish the appellant as to the consequences of his plea of guilty, that is, the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea.

"It has been the consistent holding of this court that the provisions of Art. 501, Vernon's Ann.C.C.P. are mandatory, and that the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty, and that such question may be raised after conviction."

In Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793, Judge Morrison said:

"In accepting appellant's plea, the court did so in practically the same words as are set forth in our opinion in Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779, and which we held failed to properly admonish the accused of the consequences of his plea as required by Article 501, Vernon's Ann.C.C.P."

See also Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W.2d 835, and Henage v. State, 171 Tex.Cr.R. 541, 352 S.W.2d 122.

All of the opinions in the cited cases have recognized the rule stated in Alexander v. State, supra. The points upon which the judges have not always been in agreement were whether violation of the rule was shown.

The record before us was prepared and approved pursuant to Art. 40.09 C.C.P. as a transcription of the reporter's notes of all trial proceedings.

■■ The requirements that the court admonish the defendant of the consequences of his plea of guilty are mandatory and the court's failure to comply with the statute (now Art. 26.13 C.C.P.) may be raised at any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779.

Under the record this conviction cannot be permitted to stand.

The judgment is reversed and the cause remanded.