**Bruce MILLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 40913.**

Court of Criminal Appeals of Texas.

Feb. 21, 1968.

 

Donald D. Koons, Dallas, for appellant.

Henry Wade, Dist. Atty., Joe K. Hendley, Myron Garner and Kerry FitzGerald, Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

BELCHER, Judge.

Upon a trial before a jury, the appellant entered a plea of guilty to the offense of robbery with firearms, and his punishment was assessed at forty years.

It is evident from the record that it is necessary to first consider whether the trial court failed to properly admonish the appellant at the time he entered his plea of guilty as to the consequences of such plea.

After the arraignment of the appellant, the selection of the jury, and the reading of the indictment, the following occurred:

"THE COURT: Bruce Miller, what is your plea?

"THE DEFENDANT: Guilty.

"THE COURT: * * * Under your plea and after having heard the indictment read and having pled guilty, there are some questions and explanations I wish to make. Do you understand that if the State proves their case against you, I will instruct the jury to find you guilty and they will find you guilty, do you understand?

"THE DEFENDANT: Yes, sir.

"THE COURT: Nobody has frightened you, forced you or threatened you, coerced you or made you plead guilty against your will?

"THE DEFENDANT: No, sir.

"THE COURT: You are not pleading guilty in the hope of a pardon or parole?

"THE DEFENDANT: No, sir.

"THE COURT: Are you pleading guilty because you are guilty and for no other reason?

"THE DEFENDANT: Yes, sir.

"THE COURT: All right. On your plea of guilty, the Court accepts your plea of guilty and I will instruct the jury at the conclusion of the trial to find you guilty and they will find you guilty as charged in the indictment."

At the close of the introduction of the evidence, the court instructed the jury to find the appellant guilty of robbery with firearms as alleged in the indictment.

The jury returned its verdict in accordance with the instructions of the court, and assessed the appellant's punishment at forty years.

The admonition of the appellant by the court before accepting his plea of guilty was substantially the same as that given in Williams v. State, Tex.Cr.App., 415 S.W.2d 917. The disposition in Williams is applicable and controlling in this case. There this court said:

"Though the judgment recites that the defendant was admonished of the consequences of his plea, it is clear from the portion of the record above quoted that in the cause before us the trial court accepted appellant's plea of guilty without first having admonished him as to the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea.

"Art. 26.13 C.C.P. provides that if the defendant pleads guilty or enters a plea of nolo contendere he shall be admonished by the court of the consequences.

"In Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779, we said:

"'It is apparent that the court failed to admonish the appellant as to the consequences of his plea of guilty, that is, the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea.

"'It has been the consistent holding of this court that the provisions of Art. 501, Vernon's Ann. C.C.P. are mandatory, and that the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty, and that such question may be raised after conviction.'

"In Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793, Judge Morrison said:

"'In accepting appellant's plea, the court did so in practically the same words as are set forth in our opinion in Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779, and which we held failed to properly admonish the accused of the consequences of his plea as required by Article 501, Vernon's Ann.C.C.P.'

"See also Ex parte Muckelroy, 171 Tex. Cr.R. 616, 352 S.W.2d 835, and Henage v. State, 171 Tex.Cr.R. 541, 352 S.W.2d 122.

"All of the opinions in the cited cases have recognized the rule stated in Alexander v. State, supra. The points upon which the judges have not always been in agreement were whether violation of the rule was shown.

"The record before us was prepared and approved pursuant to Art. 40.09 C.C.P. as a transcription of the reporter's notes of all trial proceedings.

"The requirements that the court admonish the defendant of the consequences of his plea of guilty are mandatory and the court's failure to comply with the statute (now Art. 26.13 C.C.P.) may be raised at any time. May v. State, 151

Tex.Cr.R. 534, 209 S.W.2d 606; Alexander v. State, 163 Tex.Cr.R. 53, 288 S. W.2d 779."

In the event of another trial, the trial court's attention is directed to Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 and Westbrook v. Arizona, 384 U.S. 150, 86 S.Ct. 1320, 16 L.Ed.2d 429.

For the error pointed out, the judgment is reversed and the cause is remanded.