**Virginio GARCIA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 41800.**

Court of Criminal Appeals of Texas.

Jan. 15, 1969.

Yturri & Keas, Corpus Christi, for appellant.

Sam Jones, Dist. Atty., Kenneth L. Yarbrough, Asst. Dist. Atty., Corpus Christi, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

MORRISON, Judge.

The offense is burglary with a prior conviction alleged for enhancement under Art. 62, Vernon's Ann.P.C.; the punishment, twelve years.

The sole ground of error raised on appeal is that appellant was denied the effective assistance of counsel at his trial.

Appellant was represented at his trial by counsel of his own choice. After sentence was pronounced appellant filed a Pauper's Oath and thereafter other counsel was appointed to represent him on this appeal.

■ This Court does not hesitate to reverse a conviction where ineffectiveness of counsel is manifestly demonstrated. Vessels v. State, Tex.Cr.App., 432 S.W.2d 108.

■ We have read the record in the case at bar and conclude that appellant

was not denied the effective assistance of counsel; in fact, we find that appellant's self-employed counsel represented him in an able manner. This Court has consistently held that the constitutional right to counsel does not mean errorless counsel and counsel is not to be judged ineffective by hindsight. Johnson v. State, Tex.Cr. App., 421 S.W.2d 918; Fletcher v. State, Tex.Cr.App., 396 S.W.2d 393.

Finding no reversible error, the judgment of the trial court is affirmed.

DOUGLAS, J., not participating.