### Ex parte L. C. HUMPHREY.

#### No. 43184.

Court of Criminal Appeals of Texas.

June 10, 1970.

Harry H. Walsh, Staff Counsel for Inmates, Huntsville, for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

### OPINION

BELCHER, Judge.

This is a habeas corpus proceeding instituted under the provisions of Article 11.07, Vernon's Ann.C.C.P., by an inmate of the Texas Department of Corrections, attacking as void the conviction under which he is now confined, and he seeks his discharge therefrom.

The record in this case was transmitted from the 97th District Court of Montague County, Texas to this Court along with the trial court's findings of fact and conclusions of law.

The record reflects that the petitioner plead guilty in Cause No. 9011 in the 97th District Court of Montague County, Texas to the offense of robbery by assault, and his punishment was assessed at confinement in the Texas Department of Corrections for life.

---

From an examination of the petitioner's application for a writ of habeas corpus and the record at the original trial, Judge Louis T. Holland, found as a matter of fact that the petitioner was not adequately admonished as to the punishment provided by law for the offense charged and the punishment which could be assessed under his plea, and he concluded as a matter of law that the judgment in Cause No. 9011 is invalid and that the petitioner is, therefore, illegally restrained of his liberty. Article 26.13, V.A.C.C.P.; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W. 2d 779; Williams v. State, Tex.Cr.App., 415 S.W.2d 917.

The trial court's findings are supported by the record. The petition for writ of habeas corpus is granted; the conviction is set aside, and the petitioner is ordered remanded to the custody of the sheriff of Montague County, Texas to answer the indictment in Cause Number 9011.

It is so ordered.