Woodrow WILSON, Appellant,

v.

The STATE of Texas, Appellee.

No. 42243.

Court of Criminal Appeals of Texas.

July 22, 1970.

Newton B. Schwartz and James W. Stallcup, Houston (on appeal only), for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Allen L. Stilley, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is possession of heroin with a prior conviction alleged for enhancement; the punishment, life. Upon a plea of guilty, the punishment was assessed by a jury.

Appellant first contends that the trial court should have granted his motion for new trial, because his plea of guilty was not a voluntary plea. He alleges that his attorney advised him that the district attorney would recommend a seven (7) year sentence if the plea was guilty. While it is true that appellant may have thought that he would only receive seven (7) years, such a sentence was not permissible under the indictment as drawn the way it stood upon announcement. The minimum sentence for a second offender for this offense is 10 years; the maximum, life, Article 725b, Sec. 23(a), Vernon's Ann.P.C.

Furthermore, appellant's trial counsel testified, at the motion for new trial, that he had advised his client before trial that the district attorney would no longer recommend a seven (7) year sentence. The attorney's testimony indicates that he informed appellant that he would receive a sentence of not less than 10 years, and that he could possibly receive a life sentence. The evidence does not show that appellant's plea was anything less than a voluntary plea.

Appellant's second contention is that he was not informed by the court of the consequences of the plea. In his motion for new trial, he states the matter in another way. He says, " * * * In spite of the admonishments normally given by the Courts upon a plea of guilty, the Defendant, not knowing the procedural aspects of a trial and upon the advice of counsel, still pled guilty without the attorney advising him of the import of the Judge's admonishment on punishment and Defendant, being so misled and illadvised, was still under the impression that his sentence would be seven (7) years, as promised."

Appellant dismissed his first attorney and secured another for his motion for new trial. At the hearing on the motion for new trial, the judge who presided at

the trial stated that in the selection of the jury, which is not made a part of this record, the veniremen were told that the possible punishment under the indictment would be not less than 10 years nor more than life, and that both the counsel for appellant and the counsel for the state selected the jury on this basis. The jury selection occurred in appellant's presence prior to the admonition shown by this record. In Miller v. State, Tex.Cr.App., 424 S.W. 2d 430, we had no statement by the court such as this, and therein lies the distinction between Miller and the instant case.

■ Appellant's third ground of error is that his retained attorney at trial was incompetent. Said attorney testified on motion for new trial that he had been practicing since 1963 and had participated as lead counsel in "quite a few criminal cases." He had tried three cases where the death penalty had been sought, and he had "prevailed" in two. He had served as Vice President of the Houston Lawyers Association. In light of the facts in this case, we cannot conclude that appellant's trial attorney was incompetent, Garcia v. State, Tex.Cr.App., 436 S.W.2d 911, Williams v. Beto, 5 Cir., 354 F.2d 698; Daugherty v. Beto, 2 Cr.L. 2229 (Dec. 7, 1967).

Finding no reversible error, the judgment is affirmed.

ONION, Judge (concurring).

I concur in the result reached but I would make plain the fact that if the possible punishment or penalty is mentioned during the voir dire examination of the jury panel the same *alone* is not tantamount to an admonishment *by the court* of the consequences of the plea of guilty. Further, the fact that the penalty was discussed in the jury panel's presence finds support only in a colloquy between the court and the attorneys during the hearing on the motion for new trial.

This Court has consistently held that the provisions of Article 26.13, Vernon's Ann.

C.C.P., are mandatory and the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty and that such question may be raised at any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779; Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793; Williams v. State, Tex. Cr.App., 415 S.W.2d 917; Miller v. State, Tex.Cr.App., 424 S.W.2d 430. See also 97 A.L.R.2d 549, 584, 586, 602, citing numerous Texas authorities.

The "consequences of the plea" as used in the statute has been interpreted as meaning "the punishment provided by law for the offense and the punishment which could be inflicted under his plea." Alexander v. State, supra.

Further, it is clear that the admonishment required by Article 26.13, V.A.C.C.P., must be made manifest of record and that the admonishment cannot be supplied by inference, intendment or presumption. See Article 26.13, supra, note 4 and cases there cited.

It appears that a recital in the judgment substantially in the language of the statute that the defendant was admonished as to the consequences of his plea presumptively establishes that the statutory duty was performed and renders the judgment valid unless the contrary is shown by the record. See McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945.

The problem has been whether or not the record reflects the contrary despite the judgment's recital. And the judges of this Court have not always agreed as to what constitutes a showing to the contrary. Williams v. State, supra. See Alexander v. State, supra; Braggs v. State, supra; Henage v. State, 171 Tex.Cr.R. 541, 352 S.W.2d 122; Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709; Ex parte Miller, 169 Tex.Cr.R. 235, 332 S.W.2d 720; Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W.2d 835.

The judgment in the case at bar reflects that the appellant was arraigned and pled guilty and was admonished of the consequences of his plea, etc., and his plea was accepted and entered on the minutes of the court. Thereafter the jury was selected and the indictment read and the plea of guilty heard. The certified copy of the transcription of the court reporter's notes begins by reflecting that after the "Preliminary matters" had been disposed of, the indictment was read to the appellant. It is the apparent second admonishment which followed this reading of the indictment that is under attack by the appellant. This admonishment contained in the transcription is a rather full one, but does not mention the possible punishment for a second offender under Article 725b, V.A.P.C., or for that matter, any penalty. The court did inquire of the appellant if he was pleading guilty after conferring with his counsel and received an affirmative answer. On the hearing on the motion for new trial appellant's retained trial counsel testified he had fully informed the appellant of the range of penalties from 10 years to life imprisonment. He related that at an earlier setting of the case he had secured the State's agreement to recommend seven years, but it was dependent upon the appellant's pleading guilty and going to trial on that date and he had so informed the appellant, but the appellant had insisted that the case be passed despite the fact that the prosecutor stated in his presence that under such circumstances the State would then "go for all the apples." The case was passed.

As earlier noted, the trial judge stated during the hearing on the motion for new trial that the jury had been informed of the full range of penalties during the voir dire examination in appellant's presence. Further, I note that the court's charge, to which there was no objection, reflects that the appellant was admonished of the consequences of his plea.

When all the facts and circumstances are considered, I cannot conclude the judgment's recital is overcome by a showing to a contrary in the record.

Trial courts should make every effort to properly admonish a defendant pleading guilty or nolo contendere and make an extra effort to make the same manifest of record and should not rely alone upon a judgment's recital. Cf. Rule 11, Federal Rules of Criminal Procedure; McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. See also American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Approved Draft, 1968.[1]

For the reasons stated, I concur.

---

1. Sec. 1.4 of said approved draft reads:
"1.4 Defendant to be advised by court.
"The court should not accept a plea of guilty or nolo contendere from a defendant without first addressing the defendant personally and
"(a) determining that he understands the nature of the charge;
"(b) informing him that by his plea of guilty or nolo contendere he waives his right to trial by jury; and
"(c) informing him:
(i) of the maximum possible sentence on the charge, including that possible from consecutive sentences;
(ii) of the mandatory minimum sentence, if any, on the charge; and
(iii) when the offense charged is one for which a different or additional punishment is authorized by reason of the fact that the defendant has previously been convicted of an offense, that this fact may be established after his plea in the present action if he has been previously convicted, thereby subjecting him to such different or additional punishment."