Ex parte Floyd L. BATTENFIELD.

No. 43916.

Court of Criminal Appeals of Texas.

April 7, 1971.

Rehearing Denied May 26, 1971.

Richard Don Coan, Stephenville, for petitioner.

Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post conviction habeas corpus proceedings brought under the provisions of Article 11.07, Vernon's Ann.C.C.P., by an inmate of the Texas Department of Corrections.

Following an evidentiary hearing in the convicting court the record was forwarded to this court along with the trial judge's findings of fact and conclusions of law. See Ex parte Young, Tex.Cr.App., 418 S.W.2d 824. All of such findings and conclusions were unfavorable to the petitioner's allegations.

We ordered this matter filed and set for submission solely to determine petitioner's allegation that he was not properly admonished of the consequences of his guilty pleas.

The record reflects that on July 2, 1970, the petitioner entered guilty pleas in cause Nos. 3984 and 3985 charging him in the 29th District Court of Hood County with the offenses of burglary and felony theft arising out of separate transactions. The punishment in each case was assessed at six years and the sentences were expressly ordered to run concurrently.

At the evidentiary hearing the petitioner, to support his allegation now under consideration, offered into evidence a certified copy of the transcription of the court reporter's notes of the "trial" of said cause Nos. 3984 and 3985. Such transcription reflects the following admonishment as being given when both causes were called for trial:

"THE COURT: Mr. Cleveland, read the indictments.

"MR. CLEVELAND: (Reading the indictments) The State reads the indictments *for the purpose of arraignment and for the purpose of the trial of the cases* on the merits before the Court.

"THE COURT: How does the defendant plead?

"MR. BATTENFIELD: Guilty.

"THE COURT: Will you stand. You signed *a waiver,* Mr. Battenfield, waiving a jury and submitting *your case* to me as the Judge of the Court. You understand you could have a jury *in this case* if you wanted it.

"MR. BATTENFIELD: Yes, I do.

"THE COURT: And if you had a jury, that jury decide [sic] your guilt or innocence, and if found guilty, they would then decide the punishment.

"MR. BATTENFIELD: Yes, sir.

"THE COURT: It's your desire this morning to waive a jury and have me as the Judge of the Court to hear *your case* and determine the guilt or innocence and if I find you guilty to determine and decide the punishment. Is that what you want to do?

"MR. BATTENFIELD: Yes, sir.

"THE COURT: Now, you understand or at least I will advise you that if after hearing the evidence, I'm of the opinion you are guilty, that I will find you guilty and assess your punishment at some term between the limit provided by law, and the law in the State of Texas provides, upon the conviction of the offense of theft of property over the value of $50.00, that the punishment shall be any term of years not less than two nor more than ten. Do you still desire to plead guilty?

"MR. BATTENFIELD: Yes, sir.

"THE COURT: Are you pleading guilty because of any promises made to you by anybody?

**Full text:**

"MR. BATTENFIELD: There have been no promises.

"THE COURT: Are you pleading guilty because of any threats that anybody has made toward you *in regard to this case?*

"MR. BATTENFIELD: No, sir.

"THE COURT: Are you pleading guilty because of fear, persuasion, or hope of pardon?

"MR. BATTENFIELD: No, sir.

"THE COURT: Are you pleading guilty for any reason except that you are guilty?

"MR. BATTENFIELD: No, sir.

"THE COURT: All right. I will accept *your plea.* You may be seated." (emphasis supplied)

Such transcription reflects that thereafter evidence as to both the burglary and theft cases was offered.

To counter such evidence offered by the petitioner the State introduced at the evidentiary hearing the judgments entered in such causes which in each case reflected that the petitioner "being duly arraigned appeared in person, his counsel also being present, and both parties announced ready for trial, and defendant in open Court, in person, pleaded guilty to the charge in the indictment. Thereupon the said defendant was admonished by the Court of the consequences of said pleas, and the defendant persisted in pleading guilty, and it plainly appearing to the Court that the said defendant is sane, and that he is uninfluenced in making said plea by any consideration of fear, or by any persuasion or delusive hope of pardon, prompting him to confess his guilt, the said plea of guilty is by the Court received * * *."

Article 26.13, V.A.C.C.P., provides that:

"If the defendant *pleads* guilty, or enters a plea of nolo contendere *he shall be admonished by the court* of the consequences; and neither of such pleas shall be received unless it plainly appears he is sane and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt." (emphasis supplied)

Article 27.13, V.A.C.C.P., provides in part that:

"A plea of 'guilty' or a plea of 'nolo contendere' in a felony case must be made in open court by the defendant in person; and the proceedings shall be as provided in Articles 26.13, 26.14, and 27.02. * * *"

In the concurring opinion in Wilson v. State, Tex.Cr.App., 456 S.W.2d 941, 943, it was written:

"This Court has consistently held that the provisions of Article 26.13, Vernon's Ann.C.C.P., are mandatory and the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty and that such question may be raised at any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779; Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793; Williams v. State, Tex.Cr.App., 415 S.W.2d 917; Miller v. State, Tex. Cr.App., 424 S.W.2d 430. See also 97 A.L.R.2d 549, 584, 586, 602, citing numerous Texas authorities.

"The 'consequences of the plea' as used in the statute has been interpreted as meaning 'the punishment provided by law for the offense and the punishment which could be inflicted under his plea.' Alexander v. State, supra.

"Further, it is clear that the admonishment required by Article 26.13, V.A.C. C.P., must be made manifest of record and that the admonishment cannot be supplied by inference, intendment or presumption. See Article 26.13, supra, note 4 and cases there cited.

"It appears that a recital in the judgment substantially in the language of the statute that the defendant was admonished as to the consequences of his plea presumptively establishes that the statutory duty was performed and renders the judgment valid unless the contrary is shown by the record. See McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945.

"The problem has been whether or not the record reflects the contrary despite the judgment's recital. And the judges of this Court has not always agreed as to what constitutes a showing to the contrary. Williams v. State, supra. See Alexander v. State, supra; Braggs v. State, supra; Henage v. State, 171 Tex.Cr.R. 541, 352 S.W.2d 122; Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709; Ex parte Miller, 169 Tex.Cr.R. 235, 332 S.W.2d 720; Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W.2d 835."

■ In the case at bar there can be no question but the petitioner was duly admonished as to the felony theft charge. It is clear from the transcription of the court reporter's notes, however, as in Williams v. State, Tex.Cr.App., 415 S.W.2d 917, and Miller v. State, Tex.Cr.App., 424 S.W.2d 430, that the petitioner was not admonished by the court as to the consequences of his plea to the burglary charge, the recital in the printed judgment form to the contrary notwithstanding.

Such transcription reflects that the indictments were read once both for the purpose of arraignment and for trial purposes. See Articles 26.13 and 27.13, supra. The admonishment by the court which followed did not inform the petitioner as to the possible penalty for the burglary charged (2 to 12 years). In fact, throughout the admonishment the court referred singularly to "this case," "your case" and "your plea" and only informed the petitioner as to the possible penalty for felony theft.

The State calls attention to the testimony at the evidentiary hearing of trial counsel that sometime prior to the guilty pleas he had informed petitioner of the possible penalties for both offenses.

■ The mandatory provisions of Article 26.13, supra, requires the court, prior to accepting a plea of guilty or nolo contendere, to properly admonish the defendant and to determine the voluntariness of that plea. That responsibility cannot be shifted to counsel. Cf. Rule 11, Federal Rules of Criminal Procedure; McCarthy v. United States, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418; Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. See also American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Sec. 1.4, approved draft 1968.

In addition to failing to inform the petitioner as to the possible penalties for burglary, the trial court, apparently overlooking the fact that the two pleas were being heard together and at the same time, did not adequately determine that the guilty plea to burglary was "uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon * * *."

We deem the evidence sufficient to overcome the recitals in the judgment in said Cause No. 3984 and conclude the petitioner is entitled to the relief he seeks with regard to the burglary conviction. Relief is denied as to the theft conviction.

The petitioner is ordered released from further confinement by virtue of the conviction in said Cause No. 3984, and upon presentation of a bench warrant, he should be surrendered to the custody of the Sheriff of Hood County to answer the indictment in said cause number charging him with burglary.

It is so ordered.

DOUGLAS, J., dissents.