**Ex parte Monroe Allen MARSHALL.**

**No. 45449.**

Court of Criminal Appeals of Texas.

May 9, 1972.

---

Philip E. Sanders, Austin, for appellant.

Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This is a post conviction habeas corpus proceeding brought under the provisions of Article 11.07, Vernon's Ann.C.C.P. by an inmate of the Texas Department of Corrections.

Petitioner's appeal from an order revoking probation is reported in 466 S.W.2d 582. The judgment was affirmed.

Petitioner filed his habeas corpus petition in the convicting court wherein he alleged that when he entered a plea of guilty before the court to the offense of rape on November 6, 1967, the court failed to admonish him as to the consequences of his plea as required by Article 26.13, Vernon's Ann.C.C.P. The habeas corpus petition was denied without an evidentiary hearing and without findings of fact and conclusions of law or other certifications.

The petitioner now seeks review of the trial court's action by this court.

It appears that the petition contains such allegations, which if true, would entitle the petitioner to an evidentiary hearing. Article 11.07, Vernon's Ann.C.C.P.; Ex parte Young, 418 S.W.2d 824 (Tex.Cr. App.1967). We deem a remand to the district court for an evidentiary hearing unnecessary as the transcription of the court reporter's notes from the original trial on the plea of guilty are before this court in the appellate record in Cause No. 43,496, reported in 466 S.W.2d 582. This transcription is under proper certification. See Article 40.09, § 6(d) (1), Vernon's Ann.C. C.P.

This transcription reflects that the only admonishment as to the consequences of the plea was as follows:

"THE COURT: You understand that if you enter a plea before the Court that this Court would have no alternative but to assess some type of punishment against you, and knowing that, you still wish to waive a jury?

"THE DEFENDANT: Yes, sir."

Further, the record fails to reflect that the trial court determined that the guilty plea was not prompted by fear, persuasion, delusive hope of pardon, etc.

Article 26.13, Vernon's Ann.C.C.P., provides that

> "If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

See also Article 27.13, Vernon's Ann.C.C. P.

In Ex parte Battenfield, 466 S.W.2d 569 at 571 (Tex.Cr.App.1971), this court said:

> "In the concurring opinion in Wilson v. State, Tex.Cr.App., 456 S.W.2d 941, 943, it was written:
>
> > 'This Court has consistently held that the provisions of Article 26.13, Vernon's Ann.C.C.P., are mandatory and the prerequisites therein set out must be complied with as a condition precedent to the validity of a plea of guilty and that such question may be raised at any time. May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606; Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779; Braggs v. State, 169 Tex.Cr.R. 405, 334 S.W.2d 793; Williams v. State, Tex.Cr.App., 415 S.W. 2d 917; Miller v. State, Tex.Cr.App., 424 S.W.2d 430. See also 97 A.L.R.2d 549, 584, 586, 602, citing numerous Texas authorities.
> >
> > 'The "consequences of the plea" as used in the statute has been interpreted as meaning "the punishment provided by law for the offense and the punishment which could be inflicted under his plea." Alexander v. State, supra.
> >
> > 'Further, it is clear that the admonishment required by Article 26.13, V. A.C.C.P., must be made manifest of record and that the admonishment cannot be supplied by inference, intendment or presumption. See Article 26.-13, supra, note 4 and cases there cited.
> >
> > 'It appears that a recital in the judgment substantially in the language of the statute that the defendant was admonished as to the consequences of his plea presumptively establishes that the statutory duty was performed and renders the judgment valid unless the contrary is shown by the record. See McCoy v. State, 169 Tex.Cr.R. 620, 336 S.W.2d 945.
> >
> > 'The problem has been whether or not the record reflects the contrary despite the judgment's recital. And the judges of this Court has (have) not always agreed as to what constitutes a showing to the contrary. Williams v. State, supra. See Alexander v. State, supra; Braggs v. State, supra; Henage v. State, 171 Tex.Cr.R. 541, 352 S.W. 2d 122; Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709; Ex parte Miller, 169 Tex.Cr.R. 235, 332 S.W.2d 720; Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W.2d 835.' "

In the instant case, the printed form of judgment reflects that the petitioner was duly admonished of the consequences of his plea, but it is clear from the transcription of the court reporter's notes, as in Williams v. State, 415 S.W.2d 917 (Tex. Cr.App.1967), and Miller v. State, 424 S. W.2d 430 (Tex.Cr.App.1968), that he was not so admonished.

Thus, it is established that the mandatory provisions of Article 26.13, supra, were not followed, and since the question may be raised at any time, the failure to observe such procedure entitles the petitioner to the relief he seeks. See Ex parte Battenfield, supra.

The petitioner is ordered released from further confinement by virtue of his con-

viction in Cause No. 362 in the 109th District Court and surrendered to the custody of the Sheriff of Crane County to answer the indictment in said cause charging him with the offense of rape.

It is so ordered.