**Charles Mike KANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**Nos. 45494–45496.**

Court of Criminal Appeals of Texas.

June 7, 1972.

Jim Hamilton, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and George Karam, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

The convictions are for robbery by assault, burglary with intent to commit theft and felony theft; the punishment, eight years imprisonment.

The appellant waived jury trials and entered pleas of guilty before the court to each of the three separate charges.

The appellant's first ground of error is that "The trial court failed to ask the question or adduce any evidence that the defendant was sane, the only way the conclusion could have been reached that he was sane was by a mere conclusion and observing the defendant's demeanor."

The record shows the trial judge stated, "Very well, the defendant appears sane and the court will accept his pleas of guilty on these matters." No issue was made at the time the pleas of guilty were entered regarding the appellant's sanity, therefore, his contention on appeal is without merit. See Ring v. State, 450 S.W.2d 85 (Tex. Crim.App.1970); Perez v. State, 478 S.W. 2d 551 (Tex.Crim.App.1972) and Parrish v. State, 170 Tex.Cr.R. 186, 339 S.W.2d 670 (1960).

The appellant's second ground of error is "The trial court did not ask the defendant if he was pleading guilty because of consideration of fear or persuasion. There was no evidence adduced indicating whether or not the defendant was pleading guilty out of fear."

Article 26.13, Vernon's Ann.C.C.P., provides:

"If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

No question could be raised had the trial judge used the precise wording of the statute to ascertain whether the appellant's plea was influenced by consideration of fear or by any persuasion. Since this was not done, it is necessary to determine whether the record reflects that when the pleas were received it appeared that the appellant was influenced by any consideration of fear or by any persuasion.[1]

The appellant appeared with counsel of his own choice and stated that he

---

1. The judgment recites ". . . and it plainly appearing to the Court that the Defendant was sane and that he was uninfluenced by any consideration of fear, or persuasion, or delusive hope of pardon prompting him to confess his guilt, the said plea was accepted by the Court . . . ." Even though the judgment recites that the defendant was admonished in the terms of the statute that is not sufficient if the record shows to the contrary. In Ex parte Battenfield, 466 S.W.2d 569 (Tex.Crim.App.1971), this court, quoting from the concurring opinion in Wilson v. State, 456 S.W.2d 941 (Tex. Crim.App.1970), said, "The problem has been whether or not the record reflects the contrary despite the judgment's recital.

And the judges of this Court have not always agreed as to what constitutes a showing to the contrary. Williams v. State [Tex.Cr.App., 415 S.W.2d 917], supra. See Alexander v. State [163 Tex. Cr.R. 53, 288 S.W.2d 779], supra; Braggs v. State [169 Tex.Cr.R. 405, 334 S.W.2d 793], supra; Henage v. State, 171 Tex.Cr.R. 541, 352 S.W.2d 122; Vavra v. State, 171 Tex.Cr.R. 24, 343 S.W.2d 709; Ex parte Miller, 169 Tex. Cr.R. 235, 332 S.W.2d 720; Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W. 2d 835." See also Ex parte Chavez, Tex. Cr.App., 482 S.W.2d 175 (No. 45,541, May 31, 1972) and Rogers v. State, Tex.Cr. App., 479 S.W.2d 42 (1972).

had ample opportunity to consult counsel concerning the charges before the court. The court asked appellant "Has anyone promised that you would get out lightly or get a pardon from the Governor of the State of Texas in an effort to induce you to plead guilty?" He responded, "No, Your Honor." After the court had carefully advised him as to the range of penalty he might receive as a consequence of a plea of guilty and that the court was not bound by any recommendation which the State might make as to punishment, the appellant agreed that he "want(ed) to persist in (his) pleas of guilty." Recently, in Gaither v. State, 479 S.W.2d 50 (1972), we quoted from Schnautz v. Beto, 416 F.2d 214 (5th Cir. 1969), "All pleas of guilty are the result of some pressures or influences on the mind of the defendant . . ."

While the admonishment quoted should not be emulated, we conclude that under the facts of this case it was sufficient. We urge that the exact language of Article 26.13, V.A.C.C.P., be followed in admonishing defendants. See May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948) and Ex parte Chavez, —— S.W.2d —— (No. 45,541, May 31, 1972).

The judgments are affirmed.

Opinion approved by the Court.