**Robert Earl OVERTON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46917.**

Court of Criminal Appeals of Texas.

May 30, 1973.

Kerry P. Fitzgerald, court appointed, on appeal, Dallas, for appellant.

Henry Wade, Dist. Atty., and W. T. Westmoreland, Jr., Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

This appeal is from a conviction for the offense of assault to rob; punishment assessed at five years.

Appellant's sole ground of error is that the trial court did not properly admonish him of the consequences of his plea in accordance with Article 26.13, Vernon's Ann. C.C.P. Specifically, he contends that the trial judge did not inquire of him whether his plea was uninfluenced by any consideration of fear, or by any persuasion prompting him to confess his guilt.

The record reflects that prior to receiving the plea of guilty the trial judge inquired of appellant as follows:

"THE COURT: Are you pleading guilty because you are guilty and for no other reason?

THE DEFENDANT: Yes.

THE COURT: Are you pleading guilty of your own free will and accord?

THE DEFENDANT: Yes.

THE COURT: Has anyone promised you anything, threatened you, coerced you or done anything to you to cause you to plead guilty in this case where otherwise you would not have done so?

THE DEFENDANT: No.

THE COURT: Sir?

THE DEFENDANT: No.

THE COURT: And you're not pleading guilty because of any delusive hope of pardon or parole are you?

THE DEFENDANT: No.

THE COURT: All Right. I warn you that if you persist in pleading guilty and the evidence proves your guilt beyond a reasonable doubt, the Court will find you guilty and set your punishment somewhere in that range as provided by law. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: The law in the State of Texas provides that anyone who is convicted of the offense for which you are charged shall be confined in the Texas Department of Corrections not less than two nor more than ten years. Do you understand the range of punishment?

THE DEFENDANT: Yes.

THE COURT: Knowing the range of punishment, do you still tell me that you wish to enter a plea of guilty?

THE DEFENDANT: Yes.

THE COURT: Do you understand, Mr. Overton, that the Court is not bound by any agreements or recommendations by the attorneys on either side?

THE DEFENDANT: Yes.

THE COURT: Knowing that, do you still tell me that you wish to enter a plea of guilty?

THE DEFENDANT: Yes."

Such admonishment was sufficient compliance with Article 26.13, supra. Kane v. State, Tex.Cr.App., 481 S.W.2d 808.

There being no reversible error, the judgment is affirmed.