Leon Allen GAMBLE, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 46979 to 46984.

Court of Criminal Appeals of Texas.

May 30, 1973.

Rehearing Denied June 20, 1973.

Terrence A. Gaiser, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough, Allen Stilley, Asst. Dist. Attys., Houston, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

Conviction in six cases on pleas of guilty to the court, one for rape, one for possession of marihuana, and four for robbery by assault; the punishment, thirty years in each case to run concurrently.

The only claim of error is that the court failed to ascertain from appellant on his guilty pleas that he was not pleading guilty to these charges because of "delusive hope of pardon prompting him to confess his guilt."

The court advised appellant of the range of punishment in each case, ascertained that the pleas of guilty were understandingly and voluntarily made, that they did not result from fear or persuasion, but did not ask him about *hope* of pardon.

However, on this subject, the record reflects the following:

"THE COURT: Has anyone told either of you that the punishment was going to be lighter or that the governor of this State might pardon either of you for one or more or all of the offenses if you were to enter pleas of guilty rather than have contested trials?

"THE COURT: Leon Allen Gambles?

"MR. GAMBLE: No, sir."

The substance of appellant's argument is that a *hope* of pardon is a state of mind, and that the only way to ascertain that such hope was not present and did not contribute to appellant's decision to plead guilty was to ask appellant.

It has been held by this Court that the exact language of Art. 26.13, Vernon's Ann.C.C.P., need not be used by the court, but a substantial compliance will suffice. Kane v. State, Tex.Cr.App., 481 S.W.2d 808.

Following this decision, we hold that the court sufficiently admonished appellant under Art. 26.13.

We have examined the entire record and find no error.

The judgments are affirmed.

Opinion approved by the Court.