### Ex parte Joseph TAYLOR.

#### No. 49443.

Court of Criminal Appeals of Texas.

Feb. 5, 1975.

Rehearing Denied April 30, 1975.

Melvyn Carson Bruder and Barry P. Helft, Dallas, for appellant.

Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P. Taylor seeks relief from a conviction for murder. He contends that he was not properly admonished under the then Article 501, V.A.C.C.P. [now Article 26.13, V.A.C.C.P.], as to the consequences of his plea of guilty in that the trial court informed him that the punishment for murder was for any term of years not less than two nor more than life and did not mention the penalty of death.

In 1964, Taylor was convicted upon his plea of guilty before a jury which assessed his punishment at life. He did not appeal.

In 480 S.W.2d 692 (Tex.Cr.App.1972), this Court denied him relief upon an application for a writ of habeas corpus and held that the collateral attack upon the sufficiency of the evidence could not be maintained. The sufficiency of the admonishment was not discussed. He had been denied relief on other occasions.

From the record of the prior conviction it appears that he is correct in the statement that the court did not inform him of the full range of punishment.

■■■■ We hold that the relief sought is denied. Contrary to earlier decisions, we now hold that in a collateral attack upon a plea of guilty there must be a showing that a defendant was prejudiced or injured for the failure of the trial court to fully comply with Article 26.13, supra.

The failure to inform an accused of the correct range of punishment has presented difficult problems or has at least caused a divided Court in recent years. See Cameron v. State, 508 S.W.2d 618 (Tex.Cr.App. 1974); Jorden v. State, 500 S.W.2d 117 (Tex.Cr.App.1973); Valdez v. State, 479 S.W.2d 927 (Tex.Cr.App.1972), and Alvarez v. State, 511 S.W.2d 521 (Tex.Cr.App. 1974).

The provisions of Article 26.13, V.A.C. C.P., and its predecessor, Article 501, V. A.C.C.P. (1925), have always been mandatory. See Saunders v. State, 10 Tex.App. 336 (1881); Wallace v. State, 10 Tex.App. 407 (1881); Evers v. State, 32 Tex.Cr.R. 283, 22 S.W. 1019 (1893); and Coleman v. State, 35 Tex.Cr.R. 404, 33 S.W. 1083 (1896).

Our holding is based in part upon the reasoning in Ex parte Meadows, 418 S.W. 2d 666 (Tex.Cr.App.1967). Prior to that decision, this Court had held that collateral attacks for the failure to comply with Article 494, V.A.C.C.P. [now Article 26.04(b)], could be maintained. That statute mandatorily provided for appointment of counsel and "counsel so appointed shall have at least ten (10) days to prepare for trial, unless such time be waived in writing by said attorney." In overruling Ex parte Austin, 410 S.W.2d 439 (Tex.Cr.App.1967), and other cases, this Court wrote:

"It does not follow that the failure of appointed counsel to waive in writing the 10 days allowed him to prepare for trial is sufficient grounds for post conviction relief, if it appears that such failure did not result in injury to the defendant such as would deprive him of a fair trial or deny him a constitutional right.

"There are many statutes the violation of which, if properly raised, would be ground for a new trial or reversal on appeal but would not be ground for relief in a post conviction proceeding."

All of the cases contrary to this holding are overruled.[1]

---

1. A list of the cases with language or implications to the contrary includes, but is not limited to, the following: May v. State, 151 Tex.Cr.R. 534, 209 S.W.2d 606 (1948);

■ By our holding today, we do not in any way diminish the requirement of complying with Article 26.13. Pleas of guilty must still be knowingly and voluntarily entered. Boykin v. Alabama, 395 U. S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Trial courts, in addition to the statutory requirements, could follow the recommendations of the American Bar Association Standards for Criminal Justice, Pleas of Guilty, Approved Draft, 1968. See Erdelyan v. State, 481 S.W.2d 843 (Tex.Cr.App.1972).

■ The relief sought is denied.[2]

## ON PETITIONER'S MOTION FOR REHEARING

ONION, Presiding Judge (dissenting).

In the opinion on original submission of this post-conviction habeas corpus proceeding it was conceded that at the time of petitioner's trial upon his plea of guilty he was not informed of the proper range of penalty, which was mandatorily required by the provisions of Article 501, Vernon's Ann.C.C.P. 1925 (now 26.13, Vernon's Ann.C.C.P.).

This court has long held that the failure of the court to properly admonish a defendant of the consequences of his plea,[1] when he enters a guilty plea or plea of nolo contendere, is reversible error, Loudd v. State, 474 S.W.2d 200 (Tex.Cr.App. 1971); Miller v. State, 424 S.W.2d 430 (Tex. Cr.App.1968); Williams v. State, 415 S.W. 2d 917 (Tex.Cr.App.1967); Ex parte Humphrey, 456 S.W.2d 118 (Tex.Cr.App.1970); Ex parte Battenfield, 466 S.W.2d 569 (Tex. Cr.App.1971); Crawford v. State, 466 S. W.2d 319 (Tex.Cr.App.1971); Vasquez v. State, 477 S.W.2d 629 (Tex.Cr.App.1972), and further, that failure to comply with the provisions of Article 501, supra (now Article 26.13), may be raised after conviction at any time upon collateral attack. May v. State, 151 Tex.Cr.R. 534, 209 S.W. 2d 606 (1948); Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Wilson v. State, 456 S.W.2d 941 (Tex.Cr. App.1970) (Concurring Opinion), and cases there cited; Ex parte Battenfield, supra.

On original submission the opinion stated that no longer could a petitioner collaterally attack a conviction for failure to comply with Article 501 (now 26.13) unless there was a showing that the petitioner was prejudiced or injured by the trial court's failure to comply with the mandatory statute.

Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Williams, 165 Tex.Cr.R. 130, 303 S.W.2d 403 (1957); Ex parte Muckelroy, 171 Tex.Cr.R. 616, 352 S.W. 2d 835 (1962); Williams v. State, 415 S.W.2d 917 (Tex.Cr.App.1967); Miller v. State, 424 S.W.2d 430 (Tex.Cr.App.1968); Clark v. State, 424 S.W.2d 445 (Tex.Cr.App. 1968); Ex parte Humphrey, 456 S.W.2d 118 (Tex.Cr.App.1970); Wilson v. State, 456 S.W.2d 941 (Tex.Cr.App.1970); Crawford v. State, 466 S.W.2d 319 (Tex.Cr.App.1971); Ex parte Battenfield, 466 S.W.2d 569 (Tex. Cr.App.1971); Rogers v. State, 479 S.W.2d 42 (Tex.Cr.App.1972); Ex parte Marshall, 479 S.W.2d 921 (Tex.Cr.App.1972); Ex parte Chavez, 482 S.W.2d 175 (Tex.Cr.App. 1972); Ex parte Jordan, 490 S.W.2d 585 (Tex.Cr.App.1973); Ex parte Robinson, 494 S.W.2d 538 (Tex.Cr.App.1973); Martinez v. State, 494 S.W.2d 545 (Tex.Cr.App.1973); Heathcock v. State, 494 S.W.2d 570 (Tex. Cr.App.1973); Ex parte Harvey, 495 S.W.2d 229 (Tex.Cr.App.1973); Ex parte Williams, 499 S.W.2d 172 (Tex.Cr.App.1973); Ex parte Johnson, 499 S.W.2d 180 (Tex.Cr.App. 1973); Ex parte Williams, 500 S.W.2d 127 (Tex.Cr.App.1973); Reed v. State, 500 S.W. 2d 137 (Tex.Cr.App.1973); Perkins v. State, 504 S.W.2d 458 (Tex.Cr.App.1974); Ex parte Scott, 505 S.W.2d 602 (Tex.Cr.App. 1974); Ex parte Dickerson, 508 S.W.2d 387 (Tex.Cr.App.1974); and Ex parte Watson, 508 S.W.2d 399 (Tex.Cr.App.1974).

2. Our holding does not apply to cases on direct appeal.

1. The consequences of a guilty plea or plea of nolo contendere have long been held to be "the punishment provided by law for the offense charged and the punishment which could be inflicted under this plea." Alexander v. State, 163 Tex.Cr.R. 53, 288 S.W.2d 779 (1956); Ex parte Battenfield, 466 S.W.2d 569, 571 (Tex.Cr.App.1971); Alvarez v. State, 511 S.W.2d 521 (Tex.Cr.App.1974).

The opinion stated the reasoning was based "in part" upon Ex parte Meadows, 418 S.W.2d 666 (Tex.Cr.App.1967). The other part of the reasoning was not revealed. In *Meadows* the court was confronted with a collateral attack upon a conviction for failure to comply with the provisions of Article 494, Vernon's Ann. C.C.P. 1925 [now Article 26.04(b)]. That statute required that appointed counsel shall have a ten day preparation period following appointment unless waived in writing. The earlier version required waiver by the attorneys, and the later amendment required the joinder of the accused. The provisions were held mandatory. Bennett v. State, 382 S.W.2d 930 (Tex.Cr.App.1964). For some time this court held that failure to comply with such mandatory statute could be the ground for collateral attack upon the judgment of conviction. See Ex parte Austin, 410 S.W.2d 439 (Tex.Cr.App.1967); Ex parte Dowden, 408 S.W.2d 512 (Tex.Cr.App.1966); Ex parte Brown, 404 S.W.2d 590 (Tex.Cr. App.1966); Ex parte Cooper, 388 S.W.2d 939 (Tex.Cr.App.1965).

In *Meadows* the foregoing cases were overruled, and it was held that a petitioner was not entitled to relief on collateral attack if the failure to comply with the mandatory statute did not result in injury to the petitioner such as would deprive him of a fair trial or deny him a constitutional right.

*Meadows* did not attempt to undermine or diminish the mandatory nature of former Article 494 [now 26.04(b)], and a failure to comply will call for reversal on direct appeal. See, i. e., Young v. State, 448 S.W.2d 484 (Tex.Cr.App.1970); Steward v. State, 422 S.W.2d 733 (Tex.Cr.App. 1968); Farmer v. State, 419 S.W.2d 382 (Tex.Cr.App.1967).

In joining the opinion on original submission it was my hope the same approach could be utilized with regard to claimed violations of Article 26.13, supra, particularly since the opinion stated:

"By our holding today, we do not in any way diminish the requirement of complying with Article 26.13. . . . "

Further, the said opinion in footnote # 2 said:

"Our holding does not apply to cases on direct appeal."

Nevertheless, since the opinion on original submission has been handed down, the majority, who have since 1973 sought to emasculate the provisions of Article 26.13, supra, but who have not been able to consistently agree upon any logical ground for doing so, have seized upon the opinion on original submission as a basis for further emasculation, diminution and judicial repeal of Article 26.13, supra, advancing the theory that the opinion, despite the language to the contrary, supports the non-review on direct appeal of a violation of the mandatory provisions of Article 26.13, supra, if it be unassigned error. See Williams v. State, 522 S.W.2d 483 (Tex.Cr. App.) (this day decided). The majority, then using the instant case (*Taylor*) and *Williams* as a bootstrap in Guster v. State, 522 S.W.2d 494 (Tex.Cr.App.) (this day decided), extends the so-called rule of *Taylor* and *Williams* to authorize a rule that unless there is a showing that the accused is prejudiced or injured by the failure of the trial court to *fully* comply with the "mandatory" statute and no objection is made to such non-compliance at the time of the plea or by motion for new trial, no appellate review will follow. This flies into the very teeth of the language of the opinion on original submission. I vigorously dissent to the overruling of the motion for rehearing. Williams v. State, supra (Dissenting Opinion); Tellez v. State, 522 S.W.2d 500 (Tex.Cr.App.) (this day decided) (Dissenting Opinion); Bosworth v. State, 510 S.W.2d 334 (Tex.Cr.App. 1974) (Dissenting Opinion).

ROBERTS, Judge (dissenting).

I dissent from the decision by the Court to deny petitioner leave to file his motion

for rehearing. I adhere firmly to the belief that a violation by the trial court of the mandate of Article 26.13, Vernon's Ann.C.C.P., is still fundamental error. This case should not be used as a vehicle for abrogating the mandatory duties imposed upon the trial court by Article 26.13. See my dissenting opinions in Tellez v. State, 522 S.W.2d 500 (Tex.Cr.App., delivered April 30, 1975); Williams v. State, 522 S.W.2d 488 (Tex.Cr.App., delivered April 30, 1975); and Guster v. State, 522 S.W.2d 494 (Tex.Cr.App., delivered April 30, 1975).