James Thomas DONAHUE, Appellant,

v.

The STATE of Texas, Appellee.

No. 42981.

Court of Criminal Appeals of Texas.

July 8, 1970.

Bill Cannon, Houston (court appointed on appeal only), for appellant.

Carol S. Vance, Dist. Atty., Phyllis Bell and Tom Dunn, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

BELCHER, Judge.

The conviction is for murder; the punishment, life.

Following the state's withdrawal of its notice that it would seek the death penalty, the appellant duly and properly waived a trial by jury and entered a plea of guilty to the indictment charging him with murder with malice aforethought, and his punishment was assessed by the court at life.

The sole ground of error is that the trial court failed to properly admonish the appellant of the consequences of his plea of guilty to the offense charged.

The appellant admits in his brief that the docket sheet reflects that when he entered his plea of guilty he was admonished by the court of the consequences of his plea; and that the judgment affirmatively recites that after he had in open court in person entered his plea of guilty to the charge in the indictment, he was admonished by the court of the consequences of said plea. Appellant asserts that there is no other place in the record where he was given any admonishment by the trial judge on his plea of guilty. His contention appears to be that the admonishment must be reflected in the record in question and answer form between the trial judge and the appellant.

The record reflects that immediately after the state and the appellant had both announced ready for trial the following proceedings took place:

"The Court: All right, you are James Thomas Donahue (appellant)?

"The Defendant: Yes, sir.

"The Court: You stand charged by indictment in Cause No. 133,556 with the offense of murder with malice aforethought. It is alleged the offense occurred in Harris County, Texas, on or about the 9th day of June, 1968. The indictment reads: 'In the name of by the authority of the State of Texas:

'The grand jury of Harris County, State of Texas, duly organized at the May term, A.D. 1968 of the 179th District Court of said county, in said court at said term, do present that James Thomas Donahue on or about the 9th day of June, A.D. 1968, in said county and state, did with malice aforethought kill Claudine Brooks by shooting her with a gun.

"Against the peace and dignity of the State.

"Signed by the foreman of the grand jury.'

"How do you plead to that charge?

"The Defendant: Guilty, Your Honor.

"The Court: Do you plead guilty because you are guilty and for no other reason?

"The Defendant: Yes, sir.

"The Court: Have you been promised anything to cause you to plead guilty such as you might get out lighter or you might be pardoned or paroled or any other reason to cause you to plead guilty?

"The Defendant: No, sir.

"The Court: Are you pleading because of fear of persuasion?

"The Defendant: No, sir.

"The Court: The punishment for this offense is confinement in the department of corrections of the State of Texas for life or for any term of years not less than two years. The Court is not bound

by agreements or recommendations. With that admonishment do you still wish to plead guilty?

"The Defendant: Yes, sir.

"The Court: Are you of sound mind and know what you are doing?

"The Defendant: Yes, sir.

"The Court: The Court will accept your plea and hear the evidence. You may be seated."

It is concluded that the trial court, addressing and interrogating the appellant personally, adequately and sufficiently admonished the appellant of the nature and consequences of his plea and determined that there was a factual basis for accepting the plea.

The ground of error is overruled.

The judgment is affirmed.