**Robert Clifton MILLER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 43599.**

Court of Criminal Appeals of Texas.

April 7, 1971.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John B. Tolle, Harry J. Schulz, Jr., W. T. Westmoreland, Jr., and Edgar A. Mason, Asst. Dist. Attys., Dallas, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is rape; the punishment, thirty-five (35) years.

The sole question presented is the sufficiency of the admonition given by the Hon. Henry King before accepting appellant's plea of guilty after being duly arraigned. We quote from the record:

"THE COURT: Now, are you guilty of this charge of rape?

"THE DEFENDANT: Yes, sir, Judge.

"THE COURT: What?

"THE DEFENDANT: Yes, sir, Judge.

"THE COURT: Are you going to be pleading guilty when the indictment is read to you?

"THE DEFENDANT: Yes, sir.

\*    \*    \*    \*    \*    \*

"THE COURT: Are you entering this plea of guilty of your own free will and accord?

"THE DEFENDANT: Yes, sir.

"THE COURT: No one has used force, violence, threats, coercion, promises or anything like that to make you do it?

"THE DEFENDANT: No.

"THE COURT: It is voluntary?

"THE DEFENDANT: Yes, sir.

"THE COURT: You are not doing it because you think if you do you will be pardoned or paroled?

"THE DEFENDANT: No, sir.

"THE COURT: The Court will accept your plea of guilty if you make such plea, and if the State proves the case on you by evidence beyond a reasonable doubt the Court will find you guilty and your punishment will be set somewhere within the limits or the range of punishment as provided by law, which is by confinement in the Texas Department of Corrections for life or for a term of years not less than five."

Reliance by appellant upon Williams v. State, Tex.Cr.App., 415 S.W.2d 917 is misplaced because in that case the accused was not told of the punishment provided by law for the offense charged and the punishment which could be inflicted under his plea.

We find from the above that appellant was so advised. Cf. Donahue v. State, Tex.Cr.App., 456 S.W.2d 926.

The judgment is affirmed.