**Jose D. PEREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 44700.**

Court of Criminal Appeals of Texas.

March 1, 1972.

Rehearing Denied April 19, 1972.

———◆———

Ted Arevalo, San Antonio, for appellant.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Antonio G. Cantu, Asst. Dist. Attys., San Antonio, and Jim D. Vollers, State's Atty., Austin, for the State.

OPINION

DOUGLAS, Judge.

This is an appeal from a conviction after a plea of guilty before the court for kidnapping a minor from his parent. The court assessed the punishment at twenty-five years.

The stipulated written evidence, including appellant's confession, indicates that at about 8:00 p. m. on September 13, 1970, appellant induced a seven-year-old boy to get into his rented automobile. He drove to a secluded spot where he committed both anal and oral sodomy on the child. They spent the night in a motel. On September 14, 1970, appellant gave the boy 45¢, told him to get a Coke and to call his parents. A bystander recognized the boy from having seen his picture on television and called the police. The appellant was apprehended later the same day as he was driving toward San Marcos from San Antonio when the boy who was in another car identified him.

The appellant contends that the punishment is cruel and unusual in violation of Article 1, Section 13 of the Constitution of the State of Texas, Vernon's Ann.St. Appellant was convicted under Article 1177, Vernon's Ann.P.C., which provides a maximum punishment of twenty-five years for the offense of kidnapping. The punishment is within the range provided for in the statute and we hold it is not cruel and unusual within the constitutional prohibition.

Appellant further complains that the trial court failed to comply with the provisions of Article 26.13, Vernon's Ann. C.C.P., in not making a determination of sanity before accepting the plea of guilty. A docket sheet entry reads "Sanity established." No issue of sanity was raised at the time the plea was taken. The judgment recites that the appellant was sane. See generally, Ring v. State, Tex.Cr.App., 450 S.W.2d 85; Taylor v. State, 88 Tex.Cr.R. 470, 227 S.W. 679.

No reversible error is shown. The judgment is affirmed.