Ex parte Herman P. BEIERSDORF.

No. 50335.

Court of Criminal Appeals of Texas.

Feb. 18, 1976.

Herman P. Beiersdorf, pro se.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DALLY, Commissioner.

This is a post conviction habeas corpus proceeding. See Article 11.07, V.A.C.C.P., and *Ex parte Young*, 418 S.W.2d 824 (Tex. Cr.App.1967).

Petitioner, after the state withdrew its notices that it intended to seek the death penalty, waived a jury trial, entered pleas of guilty and was convicted on January 10, 1972, for two separate offenses of murder; the court assessed punishment at life imprisonment in each case.

Petitioner contends that the trial court improperly admonished him and failed to inquire into his sanity prior to accepting his pleas of guilty. The trial court admonished the petitioner that ". . . upon your plea of guilty the court would have to find you guilty and assess your penalty at some term in the State Department of Corrections not to exceed life . . ." The applicable range of punishment was imprisonment for life or for any term of years not less than two. Article 1257, V.A.P.C. The punishment of death was not applicable

since the state had withdrawn its notices of intent to seek the death penalty.

■ In *Tellez v. State*, 522 S.W.2d 500 (Tex.Cr.App.1975), the court held that if a trial court in admonishing an accused prior to accepting a guilty plea misstates the range of possible punishment, but the accused is not misled to his prejudice by such erroneous admonishment, the error is harmless. Petitioner's punishment was set within the range erroneously stated by the trial judge; he was not misled to his prejudice. See *Cameron v. State*, 508 S.W.2d 618 (Tex. Cr.App.1974); *Jorden v. State*, 500 S.W.2d 117 (Tex.Cr.App.1973); cf. *Donahue v. State*, 456 S.W.2d 926 (Tex.Cr.App.1970).

■ Petitioner further contends that contrary to the requirements of Article 26.13, V.A.C.C.P., the trial court failed to determine if the plea of guilty was freely given, unprompted by fear or persuasion. In *Ex parte Taylor*, 522 S.W.2d 479 (Tex.Cr.App. 1975), it was held that "in a collateral attack upon a plea of guilty there must be a showing that a defendant was prejudiced or injured for the failure of the trial court to fully comply with Article 26.13, supra." See also *Guster v. State*, 522 S.W.2d 494 (Tex.Cr.App.1975). The petitioner has made no showing of harm; the error is therefore harmless.

■ Petitioner lastly contends that the court erred in failing to inquire into his sanity prior to taking the pleas of guilty. The record shows that the trial judge stated, "All right you appear to be sane. I'll accept your plea;" he also stated, "You appear to be sane. Have a seat." No issue was made at the time the pleas of guilty were entered regarding the appellant's sanity; therefore, his contention is without merit. See *Kane v. State*, 481 S.W.2d 808 (Tex.Cr.App.1972); *Ring v. State*, 450

S.W.2d 85 (Tex.Cr.App.1970); *Perez v. State*, 478 S.W.2d 551 (Tex.Cr.App.1972).

The relief sought is denied.

Opinion approved by the Court.

ROBERTS, J., concurs in the result.

ONION, Presiding Judge (dissenting).

It is petitioner's contention that the court improperly admonished him in accordance with Article 26.13, Vernon's Ann.C.C.P., in effect at the time he entered guilty pleas to two murder charges on January 10, 1972.[1] I agree.

Here is all the record reflects in the way of admonishment in the two cases:

"THE COURT: Herman, you have heard the reading of the indictment. What is your plea?

"THE DEFENDANT: Guilty.

"THE COURT: You understand upon your plea of guilty the Court would have to find you guilty and assess your penalty at some term in the State Department of Corrections not to exceed life, you understand that?

"THE DEFENDANT: Yes, I do, your Honor.

"THE COURT: All right. You appear to be sane. I'll accept your plea.

"Next one. You're going to try both of them together?

"MR. McEVOY: Yes, your Honor.

"THE COURT: All right. 4606.

(Whereupon, the indictment in No. 4606 was read by Mr. Kitzman.)

"THE COURT: Herman, you have heard the reading of the indictment. What is your plea?

"THE DEFENDANT: Guilty.

---

1. Article 26.13, Vernon's Ann.C.C.P., in effect at the time of trial, reads as follows: "If the defendant pleads guilty, or enters a plea of nolo contendere he shall be admonished by the court of the consequences; and neither of such pleas shall be received unless it plainly appears that he is sane, and is uninfluenced by any consideration of fear, or by any persuasion, or delusive hope of pardon, prompting him to confess his guilt."

"THE COURT: You understand upon your plea of guilty, the Court would have to find you guilty and assess your penalty at some term not more than life in prison, you understand that?

"THE DEFENDANT: Yes, I do.

"THE COURT: You appear to be sane. Have a seat.

"Offer your proof."

It is quickly observed that there was no inquiry as to whether the pleas were prompted by "any consideration of fear," "any persuasion," or by "delusive hope of pardon," nor was there any inquiry as to "force," "coercion," "promise," and the court took no steps to insure a record to show that the guilty pleas were freely, voluntarily and intelligently entered.

Further, the court did not properly admonish as to the proper range of punishment, but only mentioned the outer limits of the penalty. This practice, approved by the majority, simply means that the lazy trial judge will state, with a wave of the hand, "You can get life or 99 years or something like that," and if the punishment is that or less the error is harmless. See *Tellez v. State*, 522 S.W.2d 500 (Tex.Cr.App. 1975), and other cases cited by the majority.

As the United States Supreme Court (*Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274—1969) and the American Bar Association (Standards for Criminal Justice, Standards Relating to Pleas of Guilty, Sec. 1–4) move toward greater formality and uniformity in the guilty plea process in order to insure due process, Texas, by virtue of the majority of this court, moves in the opposite direction.

For the failure to comply with the mandatory provisions of Article 26.13, supra, I would grant the relief sought and hold, as this court has for many years, that the questions here involved can be raised by collateral attack without a showing of harm or prejudice. See my dissenting opinion on rehearing in *Ex parte Taylor*, 522 S.W.2d 479 at p. 481 (Tex.Cr.App.1975). See also

*Bosworth v. State*, 510 S.W.2d 334 (Tex.Cr. App.1974) (Dissenting Opinion); *Walker v. State*, 524 S.W.2d 712 (Tex.Cr.App.1975) (Opinion Concurring in Part and Dissenting in Part); *Pinson v. State*, 530 S.W.2d 946 (Tex.Cr.App.1975).

For the reasons stated, I dissent.